## JIM BROOKS v. THE STATE.

### No. 2708. Decided November 5, 1913.

**Theft of Horse—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of theft of a horse, the court in his charge fairly and fully presented the only real issue raised by the evidence, which was sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Guadalupe. Tried below before the Hon. M. Kennon.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the theft of a horse and prosecutes this appeal from such conviction.

The facts would show that appellant was the owner of a mule and drove it to Emilio Ruiz's home and offered to trade the mule for a horse owned by Ruiz. Ruiz says that no trade was made; that they discussed trading, and that he wanted to see how the mule traveled; that in discussing the trade he had Marcos Mendoza to catch his horse and bring him to them; that they decided to drive over to the store to see how the mule traveled, and they led the horse so that if a trade was made the exchange could be made. That when they got to the store he told appellant, that he would not trade, and they went in the store and got a glass of beer. Upon coming out of the store, appellant suggested that as they had driven the mule down there, to put the horse to the buggy and drive him back. That this was agreed to, and they started back in the buggy, leading the mule. Before getting to Ruiz's home, appellant stopped at a house, and informed Ruiz he was going to stay all night there, when Ruiz began taking the horse from the buggy to lead him. Appellant objected, and being the stronger man prevented him from taking the horse, and after Ruiz left, appellant did not stay all night at this house, but got in the buggy and drove the horse off, leaving the mule. Ruiz was corroborated by Marcos Mendoza. Appellant testified that he went to Ruiz's house and that he and Ruiz traded; that Ruiz traded the horse to him for the mule, and when this was done, he invited him to go to the store and get a drink, and they drove the mule, at Ruiz's suggestion, leading the horse; that when they got to the store, they did take a drink, when the horse was put to the buggy and they started back, leading the mule; that when they got to Frances Walker's house he, intending to spend the night, they stopped when Ruiz desired to rue the trade, and started to take out the horse, when he

stopped him; that he offered to rue the trade for $10, but Ruiz offered only $5. That when Ruiz left, he decided to go home, so he left the mule at Frances Walker's. This is in substance the testimony, and the court instructed the jury: "If you find from the evidence that the defendant and the said Ruiz traded,—Ruiz trading the horse in question for a mule given him in exchange by defendant, or if you have a reasonable doubt as to whether the trade was made, you will acquit the defendant." This was a specific presentation of really the only contested issue in the case.

No exceptions were reserved to the introduction of testimony, and no special charges requested, except one requesting a peremptory instruction of acquittal, which was properly refused. Under such circumstances the court in his charge having fairly and fully presented the only real issue made by the testimony, the criticism of the court's charge is without merit, and the judgment is affirmed.

*Affirmed.*